IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUL 20 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Criminal No. 07-102 |
| ) | |
| KENNETH D. PHELPS III, ) | COUNTS ONE |
| ) | THROUGH TWELVE:   18 U.S.C. § 1343 |
| ) | (Wire Fraud) |
| Defendant.  ) | COUNTS THIRTEEN |
| ) | THROUGH TWENTY-FOUR: 18 U.S.C. § 1001 |
| ) | (False Statements) |

**PLEA AGREEMENT**

The United States of America and defendant KENNETH D. PHELPS, III (hereinafter referred to as the "defendant") enter into the following agreement:

**Charges and Statutory Penalties**

1. The defendant is entering this Plea Agreement and is pleading guilty freely and voluntarily without promise or benefit of any kind, other than contained herein, and without threats, force, intimidation, or coercion of any kind.

2. The defendant agrees to plead guilty to Counts One through Twelve, Wire Fraud, in violation of Title 18, United States Code, Section 1343, and to Counts Thirteen through Twenty-Four, False Statements, in violation of Title 18, United States Code, Section 1001.

3. The defendant understands that Counts One through Twelve have the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

   a. the existence of a scheme to defraud;

   b. the use of interstate wire communications to facilitate the scheme; and

    c.  the defendant's knowing or willful participation in the scheme.

  4.  The defendant understands that Counts Thirteen through Twenty-Four have the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

    a.  the defendant knowingly and willfully made a false statement or representation;

    b.  the false statement or representation was material; and

    c.  the false statement or representation was within the jurisdiction of the executive, legislative, or judicial branch of the United States.

  5.  The defendant understands the nature of the offenses to which he is pleading guilty, and the elements thereof, including the penalties provided by law. The maximum penalty for the offense of Wire Fraud, 18 U.S.C. § 1343, is 20 years imprisonment, a $250,000 fine, a $100 mandatory special assessment, a 2-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. The maximum penalty for the offense of False Statements, 18 U.S.C. § 1001, is five years imprisonment, a $250,000 fine, a $100 mandatory special assessment, a 2-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

  6.  The defendant agrees that the attached "Factual Basis for Plea" fairly and accurately describes the defendant's actions and involvement in the offenses to which the defendant is pleading guilty. The defendant knowingly, voluntarily and truthfully admits the facts set forth in the Factual Basis for Plea.

**Sentencing**

7. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise that advisory sentence up to and including the statutory maximum sentence or lower that advisory sentence. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 2 of this Plea Agreement and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

8. The Public Integrity Section, Criminal Division, United States Department of Justice (hereinafter "Public Integrity") reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, Public Integrity further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court, except as expressly provided in this Plea Agreement.

**Advisory Sentencing Guidelines Stipulations**

10. The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the advisory Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

   a. The parties agree that the offense of Wire Fraud, 18 U.S.C. § 1343, is governed by § 2B1.1 of the November 2003 Edition of the advisory Sentencing Guidelines.

   b. The parties agree that the offense of False Statements, 18 U.S.C. § 1001, is also governed by § 2B1.1 of the November 2003 Edition of the advisory Sentencing Guidelines.

   c. The parties further agree that the offenses in the Indictment form a single Group of Closely Related Counts, as set forth in §§ 3D1.2 and 3D1.3 of the advisory Sentencing Guidelines.

   d.  The parties further agree that the following Sentencing Guidelines factors, computation, and analysis apply to the defendant in this case, resulting in an advisory Combined Adjusted Offense Level of **19**:

| | | |
|---|---|---|
| Base Offense Level | 7 | § 2B1.1(a)(1) |
| Loss more than $120,000 | +10 | § 2B1.1(b)(1)(F) |
| Abuse of a position of private trust | +2 | § 3B1.3 |
| Combined Adjusted Offense Level | 19 | |

### Acceptance of Responsibility

11. Provided that the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction is appropriate, pursuant to § 3E1.1(a) of the advisory Sentencing Guidelines.

12. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

   i.  fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

   ii.  challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

   iii.  denies involvement in the offense;

   iv.  gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

   v.  fails to give complete and accurate information about the defendant's financial status to the Probation Office;

   vi.  obstructs or attempts to obstruct justice, prior to sentencing;

   vii.  has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

   viii.  fails to appear in court as required;

   ix.  after signing this Plea Agreement, engages in additional criminal conduct; or

   x.  attempts to withdraw the plea of guilty.

13. If the defendant has accepted responsibility as described above, and the defendant's offense level is sixteen or greater, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b) of the advisory Sentencing Guidelines, because the defendant has assisted authorities by providing timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

14. In accordance with the above, the applicable advisory Sentencing Guidelines Offense Level for the defendant is **16.**

15. Based upon the calculations set forth above, the defendant's stipulated advisory Sentencing Guidelines range is 21 to 27 months (the "Stipulated Guidelines Range"). In addition,

the parties agree that should the Court impose a fine, at Offense Level 16, the applicable fine range is $5,000 to $50,000.

16. The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted.

**Agreement as to Sentencing Allocution**

17. The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above.

**Court Not Bound by the Plea Agreement**

18. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable advisory Sentencing Guidelines range, or other sentencing issues. In the event that the Court considers any adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**Restitution**

19. In addition to the other penalties provided by law, the Court may also order

the defendant to make restitution under 18 U.S.C. § 3663A. The defendant understands that restitution may be ordered by the Court to all victims of the defendant's criminal conduct and not merely for those victims included in the count(s) to which the defendant agrees to plead guilty.

**Release/Detention**

20. The defendant acknowledges that while the Government will not seek a change in the defendant's release conditions pending sentencing, the final decision regarding the defendant's bond status or detention will be made by the Court at the time of the defendant's plea of guilty. The Government will not oppose the defendant's self-surrender to a facility to be determined by the Federal Bureau of Prisons. Should the defendant engage in further criminal conduct or violate any conditions of release prior to sentencing, however, the Government may move to change the defendant's conditions of release or move to revoke the defendant's release.

**Breach of Agreement**

21. The defendant understands and agrees that if, after entering this Plea Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this Agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information, and materials provided pursuant to this Agreement or during the course of

any debriefings conducted in anticipation of, or after entry of this Agreement, including the defendant's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

22. The defendant understands that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these rules.

23. The defendant understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. The defendant further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

24. Nothing in this Plea Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Agreement or committed by the defendant after the execution of this Agreement. The defendant understands and agrees that the Government reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, the defendant will not be allowed to withdraw this guilty plea.

**Waiver of Statute of Limitations**

25. It is further agreed that should any conviction following the defendant's plea of

guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

**Complete Agreement**

26.     No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for the Public Integrity Section.

27.     The defendant further understands that this Plea Agreement is binding only upon the Public Integrity Section, Criminal Division, United States Department of Justice. This Agreement does not bind the Civil Division or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or

administrative claim pending or that may be made against the defendant.

EXECUTED on this 20th day of July, 2007

                                                  FOR THE UNITED STATES

                                                  WILLIAM M. WELCH II
Chief, Public Integrity Section

_/s/ Nicholas A. Marsh_
NICHOLAS A. MARSH
SHAUN M. PALMER
Trial Attorneys
Public Integrity Section

## DEFENDANT'S ACCEPTANCE

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with Public Integrity. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement

freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Agreement is in my best interest.

Date: 7/20/07

_____
KENNETH D. PHELPS III
Defendant

ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 7/20/07

_____
G. ALLEN DALE, Esq.
Attorney for the Defendant